SAN JOSE (BRAGG v.). See Case No. 1,803.

## Case No. 12,323.

### The SAN JOSE INDIANO.

[2 Gall. 311.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1814.

PRIZE — SHARES — SPECIAL AGENTS — MARSHAL'S COMMISSIONS.

1. Practice as to payment of prize shares to special agents.

2. The marshal is entitled to commissions upon prize property removed from his district, by consent of parties, to another district, and there sold. See The Rendsberg, 6 C. Rob. Adm. 142.

G. Sullivan presented a petition of the officers of the private armed brig Yankee, praying that their shares in the proceeds of the prize, San Jose Indiano, should be paid over to their special agent, Captain Snow, they revoking the powers given by them to the general agents. They also prayed, that the shares of some part of the crew, represented by them, should be paid in the same manner. A part of the property was still uncondemned. Commissioners were appointed. See The St. Lawrence [Case No. 12,-233]. In this case, the prize goods, by an agreement of the parties, were removed from the district of Maine to Boston, and there sold by an auctioneer. The proceeds were paid into the circuit court, before which the cause was brought by appeal. A part of the cargo being condemned at this term, the marshal claimed commissions.

J. T. Austin contended, that, as the law directed the property to be sold, when condemned by the marshal of the district, the marshal of Massachusetts could not, in this case, be defeated of his rights, by the agreement of the parties. The property was originally in the custody of the district court of Maine, but it being afterwards brought within this district, and here condemned, the right of the marshal of Maine was transferred.

Mr. Pitman contended, that if any officer was entitled to commissions in this case, it was the marshal of Maine.

STORY, Circuit Justice, said, that when it appeared to be for the interest of all parties, that the property should be sold at a different place, or by a different person, than would arise under the ordinary practice of the court, and an agreement was made by the parties to this effect, the court would ratify such agreement, taking care, however, that the marshal should be protected in his rights. That in this case, it was the marshal of Maine, who had a title to fees. If the property had remained in the district of Maine, and the cause had come up to this court, by appeal, a warrant would have gone to the marshal of Maine to sell the property.

[NOTE. For final decree upon the master's claim in this cause, see Case No. 12,324. The

cause was carried to the supreme court, where the judgment of this court, as rendered in Case No. 12,322, was affirmed. 1 Wheat. (14 U. S.) 208.]